DA 06-0142

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 232N

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

KARL J. PULLIAM,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-01-476,
Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender, Helena, Montana

      For Respondent:

           Honorable Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

           Fred Van Valkenburg, County Attorney; Karen S. Townsend,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  July 3, 2007

Decided:  September 11, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Karl J. Pulliam (Pulliam) appeals from the judgment of the Fourth Judicial District Court, Missoula County, arguing that the court abused its discretion by denying his motion for a mistrial on the ground that police officer testimony using the terminology "felony stop" prejudiced the jury.  We affirm.

¶3      On October 27, 2001, Montana Highway Patrol Officer Jason Hildenstab observed Pulliam drive his automobile into a curb, weave in his lane of traffic, cross the yellow line, and speed.  Pulliam ignored Hildenstab's siren and commands to stop the vehicle. Pulliam eventually stopped at a trailer park and got out of his car.  Hildenstab was joined by fellow officer Jerry Odlin, and Hildenstab told Odlin that because Pulliam was not listening to him they were going to "do a felony arrest."  Hildenstab pointed his service pistol at Pulliam, telling him to put his hands in the air.

¶4      After the arrest, Pulliam was charged with (1) driving while under the influence of alcohol or drugs, (2) driving while his license was suspended or revoked, (3) driving without proof of insurance, (4) driving recklessly and eluding police and (5) resisting arrest.

2

¶5     During the two-day trial, Officers Hildenstab and Odlin both testified about the arrest. During Odlin's testimony, Odlin stated that he instructed Pulliam "to put his hands up and face away . . . [because] that's our normal protocol when conducting what we call a felony stop." Following Officer Odlin's testimony, Pulliam moved for a mistrial on the basis that the reference to "felony stop" was prejudicial. The court denied the motion because "felony stop" terminology describes police protocol and not the nature of the stop. Pulliam's counsel did not seek an immediate curative instruction. Subsequently, a videotape containing "felony stop" references was played. In light of these additional references, Pulliam's counsel requested a jury instruction regarding the felony stop language, and the judge gave the instruction to the jury. The jury then deliberated and found Pulliam guilty on all five counts. Pulliam appeals, challenging the District Court's denial of his motion for mistrial.

¶6     We review a district court's grant or denial of a motion for mistrial to determine if there was abuse of discretion. *State v. Doyle*, 2007 MT 125, ¶ 76, 337 Mont. 308, ¶ 76, 160 P.3d 516, ¶ 76.

¶7     Pulliam argues that it was reasonably possible that the jury considered the term "felony stop" as relating to the degree of the alleged crimes and may have considered it during deliberations. He further asserts that the term allowed the jury to consider whether the charges were misdemeanors or felonies, which thus allowed the jury to consider punishment, in violation of statute. Pulliam claims he was prejudiced by use of the term.

¶8 The State responds that the references to felony stop were not prejudicial to Pulliam, given the "particularly strong" evidence establishing Pulliam's guilt, the context in which the words were spoken, Pulliam's pre-trial awareness of the use of the term, and the curative instruction given by the District Court. Officer Odlin explained in his testimony that a "felony stop" is police procedure and the long-standing respect given juries presumes that a jury is able to understand the court's instruction explaining this police terminology. Under the circumstances here, no prejudice resulted from the use of the term "felony stop."

¶9 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶10 Affirmed.

/S/ JIM RICE

4

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART